WYNN, Circuit Judge,
concurring in the judgment:
I agree -with the majority’s conclusion that the siblings’ proposed social groups are not particular enough to render them eligible for asylum. I further agree that we should deny the petition for review. Put simply, Zelaya v. Holder, 668 F.3d 159 (4th Cir.2012), and Lizama v. Holder, 629 F.3d 440 (4th Cir.2011), dictate the outcome here. In those cases, we held that “opposition to gangs [is an] amorphous characteristic[ ]” that cannot be used to determine group membership, Lizama, 629 F.3d at 447, and that “[r]esisting gang recruitment is similarly amorphous,” Zelaya, 668 F.3d at 166. Jorge’s one public altercation with gang members does not turn him or his sister into members of any *307 “particular social group” that is eligible for asylum under 8 U.S.C. § 1101(a)(42)(A).
Although I think that we should clear up the “lingering confusion regarding the implications of our holding in Crespin-Valladares v. Holder, 632 F.3d 117 (4th Cir.2011),” Zelaya, 668 F.3d at 169 (Floyd, J., concurring in judgment), this case is not the vehicle for doing so. In Crespin-Val-ladares, we held that family members of those who testify against gangs are members of a “particular social group.” Cres-pin-Valladares, 632 F.3d at 126. We did not reach the question of whether prosecution witnesses, themselves, constitute a particular social group. Like Judge Floyd and Judge Davis, I would read Crespin-Valladares “to indicate that such a group satisfies [the relevant criteria] in the same manner that family members of prosecution witnesses against gangs do.” Zelaya, 668 F.3d at 169 (Floyd, J., concurring in judgment) (quotation marks omitted).
Of course, such a reading has no bearing on the outcome of this case. Even if we were to assume that prosecution witnesses are members of a “particular social group,” Jorge’s conduct in publicly confronting several gang members on one occasion is analogous to the conduct in Zelaya, which consisted of twice contacting the police. Id. at 166. Because Fatima’s proposed social group — “young female students who are related to an individual who opposes gang practices and values ” — is derivative of the insufficiently particular social group of her brother, her petition for review must fail as well.